# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

OLIVIA K. MIKAROVSKI,

 Plaintiff,

vs.

ANDREW M. SAUL, Commissioner of Social Security,[1]

 Defendant.

No. C18-90-LTS

**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION**

## I. INTRODUCTION

  This case is before me on a Report and Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. Doc. No. 24. Judge Mahoney recommends that I reverse the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Olivia K. Mikarovski's application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401–34, and remand for further proceedings. Mikarovski timely filed an objection to the R&R. Doc. No. 25. The Commissioner has not responded.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

  The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence

differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.   *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985) (quoting *United States v. U.S. Gypsum*

3

*Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because the Commissioner has not objected, and Mikarovski objects only to the portion of the R&R finding that a claimant forfeits an Appointments Clause challenge by failing to raise it before the Social Security Administration, I have reviewed the other portions of the R&R for clear error. Judge Mahoney applied the appropriate legal standards in considering whether the ALJ recognized and adequately addressed an inconsistency between the residual functional capacity's (RFC's) limitation of only occasional overhead work and the Dictionary of Occupational Titles (DOT) descriptions of jobs identified by the vocational expert (VE) as requiring frequent reaching. Judge Mahoney also appropriately considered whether the ALJ improperly discredited Mikarovski's subjective complaints without considering statements from her employers and whether substantial evidence supports the ALJ's conclusion that Mikarovski's back pain improved with treatment. Based on my review of the record, I find no error—clear or otherwise—in Judge Mahoney's recommendation on these issues.

I have conducted a de novo review of the portion of the R&R addressing Mikarovski's Appointments Clause challenge. I have addressed this issue on multiple occasions in the past, concluding that Social Security "claimants have forfeited the Appointments Clause issue by failing to raise it during administrative proceedings." *See, e.g., Stearns v. Berryhill*, No. CV17-2031, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018); *see also Eden v. Saul*, No. CV18-0076, 2019 WL 5260476, at *7 (N.D. Iowa

4

Oct. 17, 2019) (quoting and citing *Sterns*); *Hall v. Saul*, No. CV18-2032, 2019 WL 5085427, at *16 (N.D. Iowa Oct. 10, 2019) (same). In the absence of binding authority to the contrary, I find that Mikarovski's arguments are adequately addressed by this precedent. *See, e.g., Stearns*, 2018 WL 4380984, at *5. Nothing in Mikarovski's arguments compels me to amend my analysis of this issue in prior cases. However, this issue is essentially moot. On remand, the Commissioner will have the opportunity to select the appropriate ALJ to review these issues and Mikarovski may raise any Appointments Clause challenge she may have at that time. *See Mann v. Berryhill*, No. CV18-3022, 2018 WL 6421725, at *8 (D. Neb. Dec. 6, 2018); *Anderson v. Comm'r of Soc. Sec.*, No. CV18-24-LRR, 2019 WL 1212127, at *5 (N.D. Iowa Feb. 19, 2019); *Dyslin v. Comm'r of Soc. Sec.*, No. CV18-0014-LTS, 2019 WL 2219004, at *14 (N.D. Iowa Feb. 22, 2019). As such, I adopt the R&R in its entirety. This case will be remanded for further proceedings in accordance with that recommendation.

## IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney' R&R (Doc. No. 24) **without modification**. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Mahoney's recommendation:
   a. The Commissioner's determination that Mikarovski was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.
   b. Judgment shall enter in favor of Mikarovski and against the Commissioner.
   c. If Mikarovski wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for

5

appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 21st day of January, 2020.

_____
Leonard T. Strand, Chief Judge